UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE HORSTON,

  Plaintiff,           Hon. Robert J. Jonker

v.               Case No. 1:15-cv-01132

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.
_____/

## REPORT AND RECOMMENDATION

  This matter is before the Court on <u>Plaintiff's Unopposed Application for Attorneys' Fees Under the Equal Access to Justice Act</u>. (ECF No. 15). Plaintiff's counsel seeks $3,021.25 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

  Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant has not asserted that her position was substantially justified.

  On March 21, 2016, the Honorable Robert Jonker vacated the Commissioner's decision and remanded the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

Counsel now moves for an award of attorney's fees pursuant to the EAJA. Specifically, counsel seeks to recover $1,776.25 in attorneys fees (10.15 hours multiplied by an hourly rate of $175) and $1,245.00 in paralegal services (12.45 hours multiplied by an hourly rate of $100). Defendant does not oppose counsel's request. The Court finds the number of hours expended in this matter, as well as the hourly attorney rate to be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).

Counsel seeks payment for paralegal services in this matter at an hourly rate of $100. While such may be an appropriate amount in the Chicago area, such is greater than the hourly rate of $75 this Court has approved in previous matters. While not dispositive, the Court notes that this hourly rate is not inconsistent with that found to be reasonable by other courts. *See, e.g., Trim v. Astrue*, 2012 WL 1340671 at *2 n.1 (W.D.N.C., April 18, 2012) (finding that "a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District"); *Teeter v. Commissioner of Social Security*, 2013 WL 5279102 at *7 (N.D. Ohio, Sept. 18, 2013) (rejecting a request to compensate paralegal services at a rate of $50 per hour). Accordingly, the Court concludes that an appropriate and reasonable hourly rate for the paralegal services rendered in this matter is $75.

Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of two thousand, seven hundred ten dollars and zero cents ($2,710.00) (10.15 hours multiplied by $175 added to 12.45 hours multiplied by $75). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that any judgment or order entered for EAJA fees be entered in Plaintiff's favor. *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Unopposed Application for Attorneys' Fees Under the Equal Access to Justice Act</u>, (ECF No. 15), be **granted in part and denied in part** and Plaintiff awarded two thousand, seven hundred ten dollars and zero cents ($2,710.00) pursuant to the Equal Access to Justice Act.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 25, 2016

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge